IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY WALLS, § | | |
| TDCJ Nos. 256795, 320097, 362644, § | | |
| 613732, 1247358, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | | CIVIL ACTION H-06-961 |
| § | | |
| DOUG DRETKE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM ON DISMISSAL**

Terry Walls, a state prison inmate, has sued under 42 U.S.C. § 1983. Walls seeks permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

**I.   BACKGROUND AND CLAIMS**

Walls sues Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) Director Doug Dretke, Governor Rick Perry, the Texas State Attorney General, Harris County District Attorney Chuck Rosenthal, State District Judge William Harmon, and Sharon Slopis. Walls is incarcerated in the TDCJ-CID. His allegations concern a Harris County criminal prosecution against him and the resulting conviction.

Construing his pleadings liberally, Walls's essential claim appears to be that he is in prison based on commitment papers reflecting a conviction in cause number 922,718, though he was not properly indicted under that cause number and the indictment under that

number is defective. He claims that 982,718 is the correct number. The defendants engaged in a conspiracy in prosecuting and convicting him under the wrong cause number. Walls seeks the following relief: appointment of counsel so he may appropriately pursue this civil action, an order directing the Defendants to forward the judgment and sentence to this Court, and an order directing the state court clerk to forward copies of the indictment to this Court, and an order directing the TDCJ to forward the judgment and sentence contained in its commitment papers maintained on Walls to this Court.

## II.    THE THREE STRIKES RULE

A national prisoner litigation index and this Court's records show that Walls has filed about 34 other lawsuits in the federal district courts in Texas, including transfers. The district court dismissed four of these lawsuits as frivolous, malicious, or for failure to state a claim on which relief may be granted. *See Walls v. Gunn, et al.*, H-84-cv-3375 (S.D. Tex.); *Walls v. Procunier, et al.*, H-84-cv-3647 (S.D. Tex.); *Walls v. Procunier, et al.*, H-84-cv-3757 (S.D. Tex.); and *Walls v. Johnson,* H-98-cv-221 (S.D. Tex.). When Walls filed each of these cases, he was incarcerated in a prison or a detention facility. The district court dismissed each of these cases before Walls filed this case.

Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action or appeal which the court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent

danger of serious physical injury. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Walls' s allegations here do not show that he is in imminent danger of serious physical injury. *Banos v. O' Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Walls' s civil rights complaint is subject to dismissal under 28 U.S.C. § 1915(g).

### III.  HABEAS CORPUS RELIEF

Although Walls filed this action using a civil rights complaint and raises claims against individual defendants, his allegations and claims sound in habeas corpus. However, this Court declines to convert this case to a habeas corpus petition because the exhaustion requirement appears unfulfilled.

A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. *See* 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991). The federal courts should not adjudicate a federal writ application while a petitioner has claims under review by the state courts, even if the pending state claims are not those raised in federal court. *Williams v. Bailey*, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"); *accord Fuller v. State of Fla*., 473F.2d 1383, 1384 (5th Cir. 1973) ("So long as [Fuller's] direct appeal remained pending and absent a showing that his state appeal remedy was inadequate, his state remedies had not been exhausted.").

The timing of the events pled by Walls suggests his conviction is still on direct appeal in the state courts. The records of the Texas Fourteenth Court of Appeals confirm that Walls's direct appeal of his conviction is currently pending in Appeal No. 14-04-985-CR. *See* http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. The most recent entry on the docket in Appeal Cause No. 14-04-985-CR is "3/10/2006 Record sent to Texas Supreme [sic] Court on Review." *Id*. Walls's potential habeas corpus claims are not exhausted under the principles of comity embodied in 28 U.S.C. § 2254.

## IV. CONCLUSION

28 U.S.C. § 1915(g) prohibits Walls from bringing a prisoner civil rights suit without prepayment of the filing fees. Accordingly, this civil rights complaint is **DISMISSED** under 28 U.S.C. § 1915(g). This dismissal is without prejudice to Walls pursuing his claims in federal court for habeas corpus relief after complete exhaustion of his state court remedies. Walls's motion to proceed *in forma pauperis* [Docket Entry No. 2] is **DENIED**. The Clerk will provide a copy to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

Signed at Houston, Texas, on **March 30, 2006.**

_____
Nancy F. Atlas
United States District Judge