**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TERRY WALLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0961 |
| | § | |
| DOUGLAS DRETKE, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This Court dismissed Plaintiff Terry Wall's civil rights complaint on March 30, 2006, as barred under the "three-strikes rule" of 28 U.S.C. § 1915(g). Walls also sought to assert habeas corpus claims which the Court dismissed on the ground the claims had not been exhausted in state court.

On April 12, 2006, Walls filed a pleading labeled as "Plaintiff's Objection/Appeal to Court's Memorandum and Order of Dismissal" [Doc. # 9]. Walls objects to the Court's construction of his claims, argues that Defendants should have "arrested" the judgment that he claims is illegal, and asserts that Defendants tried to "cover up" the illegal judgment by filing a second judgment. The Court construes Walls' objections as a motion for relief from judgment under Rule 60 of the Federal Rules ov Civil Procedure, or a motion for new trial or to alter or amend the judgment under Rule 59. After careful consideration of Walls' arguments, the record in this case, other materials cited herein, and applicable legal authorities, the Court concludes

Walls' motion should be **denied**.

Initially, the Court did not dispose of his claims on the merits. Rather, the Court's decision implemented mandatory procedural rules. The Court dismissed Walls' civil rights claims because at least three of his previous federal cases have been dismissed as frivolous (the three-strikes rule). The Court also dismissed Walls' habeas corpus claims for non-exhaustion.

Walls first complains that the Court has misconstrued the nature of the claims he intends to assert. Because this case was dismissed for procedural reasons, the alleged misconstruction of Walls' current claims is not material.

Walls also objects to this Court's characterizations of the total number of case he previously has filed and the disposition of certain of those cases under 28 U.S.C. § 1915(g). This argument is unavailing. As discussed in the March 30 ruling and below, the total number of federal cases Walls has filed is irrelevant to the dismissal of the instant proceeding.

Turning to application of the three strikes rule, Walls asserts that he filed three cases in this District in 1984, namely, Civil Case Nos. H-84-3375, H-84-3647, and H-84-3757, but the Court consolidated them into one case, and dismissed that case for failure to state a claim. Walls' contentions are not quite correct. The Clerk's records show that in 1984 he filed three separate actions. The files are no longer readily available but the Clerk's Office Docket Sheet contains the following information about

these cases:

- Civil Action No. H-84-3375, racial discrimination regarding work assignments, denial of medical exam, inadequate medical care, lack of protection from inmates, inadequate food, and unsanitary kitchen;

- Civil Action No. H-84-3647, denial of access to legal materials, denial of access to legal services and assistance; and

- Cause No. H-84-3757, quality, quantity and preparation of food, overcrowding, unsanitary conditions, interference with court mail, improper medical diagnosis, care and treatment, unsafe and dangerous modes of transport, miscellaneous use of saccharin sweetener in foods, lack of protection from inmates, harassment by officers.

Court records reveal that these three cases were consolidated into one case, as Plaintiff claims. However, significantly, after a *Spears* hearing,[1] the Court severed the three cases and handled them separately, as originally filed. Each case ultimately was dismissed by the Court as frivolous.

Section 1915(g) of Title 28 of the United States Code provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Walls filed three separate lawsuits in 1984, each of which ultimately was dismissed as frivolous. The temporary consolidation of these three suits does not affect operation of the three-strikes rule. Walls "on 3 or more prior occasions, while incarcerated . . . brought an action . . . that was dismissed on the grounds that it . . . is frivolous . . . ."

The policy underlying the statute applies here. The three-strikes rule is part of the Prison Litigation Reform Act (the "PLRA"). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). "The new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998). Walls raised a wide variety of claims in his three different 1984 lawsuits. He was not permitted to proceed on these disparate claims in one case. Dismissal of each of the three suits counts as a dismissal for § 1915(g) purposes. "In light of the PLRA provisions . . . to continue the practice of allowing joinder of claims which are not in compliance with Rule 18 and

Rule 20 would be to defeat, or at least greatly dilute, the clear intent of the fee payment and three-strikes provisions of the statute." *Walls v. Scott*, 1998 WL 574903 * 3 (N.D. Tex. Aug. 28, 1998).[2] Finally, it is immaterial that three of the four dismissals occurred prior to enactment of the PLRA. The pre-PLRA dismissals count as "strikes." *Patton*, 136 F.3d at 462 (citing *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir.1996) ("It is of no consequence that this strike (or, for that matter, the others that we address in this opinion) occurred prior to the effective date of the PLRA.")).

Walls' objections to § 1915(g) dismissal are overruled. There is no basis to alter the judgment previously entered in this case. It is therefore

**ORDERED** that Walls' motion filed April 12, 2006 is **DENIED**.

SIGNED at Houston, Texas, on this **20th** day of **June, 2006**.

_____
Nancy F. Atlas
United States District Judge

---

[2] Ironically, Walls was the plaintiff in this 1998 case.